IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | Civil Action No. 3:12-2011-CMC |
| *ex. rel.*, [Relator], | ) | |
| | ) | OPINION AND ORDER |
| Plaintiff, | ) | ON MOTION TO SEAL |
| | ) | |
| v. | ) | |
| | ) | |
| Eli Lilly & Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Relator initiated this action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq*. ("FCA"), by filing a complaint on July 19, 2012. Dkt. No. 1. The complaint alleges, *inter alia*, that Defendant improperly marketed a drug in a manner which resulted in presentation of false bills for payment under government programs. Dkt. No. 1 ¶¶ 2-4.

Pursuant to 31 U.S.C. § 3730(b)(2), the matter was automatically sealed for sixty days to allow the Government to investigate the allegations and decide whether to intervene. The law provides that the matter will be unsealed once the Government makes that decision. 31 U.S.C. § 3730(b); *ACLU v. Holder,* 673 F.3d 245, 257 (4th Cir. 2011) ("*Holder*") (stating, in confirming constitutionality of FCA's automatic sealing provision, that "[w]e agree that 'sunlight' and 'openness' are important values that further the functioning of this republic and note that in every FCA case, the qui tam complaint will be unsealed."). The seal was extended by an additional ninety days on the Government's motion, and again, temporarily, to allow consideration of Relator's present motion. Dkt. Nos. 6, 12.

Relator voluntarily dismissed the action on January 2, 2013, while the matter remained under seal. Dkt. No. 10. Dismissal was with the Government's consent and without prejudice to the

Government's rights to proceed against Defendant should it elect to do so in some other action. *Id.* Although the court granted the Government's motion to partially lift the seal on October 1, 2012, which would have allowed the Government to advise Defendant of the action, the Government had not made Defendant aware of the suit prior to its dismissal. Dkt. Nos. 5, 6, 14.

Concurrently with her voluntary dismissal, Relator moved to maintain the seal in this action or, in the alternative, to redact her name and other identifying information. Dkt. No. 9. Relator argues that continuing the seal is necessary to protect her from retaliation by Defendant, her current employer. She also seeks to avoid adverse professional stigma in the industry, which may result from knowledge that she filed this litigation and which could impair her future employment opportunities. In the alternative, Relator asks the court to allow redaction of her name and other identifying information before unsealing.

Upon receipt of the motion to continue the seal, the court requested a response from the Government and supplemental briefing by Relator. Dkt. No. 12. The Government's response and Relator's supplemental brief were filed on January 15, 2013, and January 16, 2013, respectively. Dkt. Nos. 14, 15. Having considered these submissions, the court denies the motion to seal but grants alternative relief, redaction, in part.

**Government's Response.** The Government states that it "cannot consent to relator's request to permanently seal the complaint[.]" Dkt. No. 14 at 2. It relies both on the plain language of the statute, which authorizes only temporary sealing (sixty days subject to extension *if requested by the Government*), and case law addressing the sealing provisions of the FCA. Dkt. No. 14 at 2-4 (citing, *e.g.*, 31 U.S.C. § 3730(b); *Holder*, 673 F.3d at 257). It also relies on a number of cases which denied requests to permanently seal *qui tam* complaints under a variety of circumstances. *See, e.g.,*

*Under Seal v. Under Seal*, 273 F.3d 564 (table), 1994 WL 283977 *4 (4th Cir. June 27, 1994) (holding district court did not abuse its discretion in refusing defendant's request for permanent sealing of a *qui tam* complaint); *United States ex rel. Littlewood v. King Pharmaceuticals, Inc.*, 806 F. Supp. 2d 833, 836-38 (D. Md. 2011) ("*Littlewood*") (denying employee-relator's request to maintain seal after pre-service voluntary dismissal due to retaliation concerns); *United States ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564-565 (E.D. Va. 2007) ("*Permison*") (denying relator's motion to reseal *qui tam* complaint which had been briefly unsealed despite relator's arguments that both he and the defendant, his former employer, would be damaged by the unsealing).

The Government does not oppose redaction of Relator's name and other identifying information from filed documents, which, it notes, would not interfere with public access to the same degree as sealing. Dkt. No. 14 at 4-5. The only cases cited, however, deny requests for redaction. Dkt. No. 14 at 4 (citing *United States ex rel. Herrera v. Bon Secours Cottage Health Services*, 665 F. Supp. 2d 782, 785 (E.D. Mich. 2008) ("*Herrera*"); *Permison*, 492 F. Supp. 2d at 563.

**Relator's Supplemental Memorandum.** In her supplemental memorandum, Relator argues, correctly, that some of the cases cited by the Government regarding sealing are distinguishable.[1] She does not, however, effectively distinguish all of the cited cases. Neither does she identify any cases which have approved permanent sealing. Dkt. No. 15 at 1-4.

---

[1] *Under Seal* is distinguishable because the party seeking sealing was the defendant. *Permison* is arguably distinguishable because the complaint had been briefly unsealed (though it is not clear defendant was aware of it) and the relator was a former employee (thus limiting the forms of retaliation which he might suffer). *Herrera* was also filed by a former employee, although other circumstances were comparable to the present case. *Littlewood* is the most comparable as it involved a *qui tam* action brought by a current employee against her employer, a pharmaceutical company, based on allegations similar to those in this action.

3

In support of her request for alternative relief, redaction, Realtor cites a single case which authorized redaction of a relator's name and identifying information. *Id.* at 4 (citing *United States ex rel. Jane Doe v. Endoscopic Techs., Inc.*, C.A. No. 4:07-cv-2705 (S.D. Tex. July 2, 2009 ) ("*Jane Doe*")).[2] In *Jane Doe*, the court found the circumstances sufficient to support redaction given relator's particularized fear that her husband, who was an employee of one of several defendants against whom Jane Doe initiated *qui tam* actions, would suffer retaliation in the form of termination of his employment. She argued that this would cause her husband special harm because he had a terminal illness and would lose his health coverage if he lost his job. Jane Doe supported her motion with an affidavit asserting that "based on her experience in the industry, medical device companies regularly retaliate against employees who complain about fraudulent billing practices." Slip. Op. at 4-5. The court found this "more than a vague or hypothetical fear of retaliation" and, consequently, sufficient to support redaction, at least where the potential victim of the retaliation was a third-party. The court also found support for its decision in cases that allowed parties to proceed anonymously in other contexts.[3]

**DISCUSSION**

**I.     SEALING**

Relator has not directed the court to any authority which would allow permanent sealing of a *qui tam* action. The authority which has been provided is to the contrary. *See supra* (addressing Government's response). Under these circumstances, the court declines to seal the record.

---

[2] This opinion concerns multiple related cases and is identified in Relator's brief as *Jane Doe v. Boston Scientific*, No. H-08-3408 (S.D. Tex. July 2, 2009). The order, which is attached to the memorandum, was initially filed under seal, but the seal has now been lifted. Dkt. No. 15-4.

[3] None of the cases cited in *Jane Doe* relating to anonymous parties involved *qui tam* actions. Instead, they involved claims of injury, often of a personal nature, such as claims relating to physical and sexual assault, abortion rights, or the interests of minors.

**II.     REDACTION**

As noted above, the parties have directed the court to three cases addressing redaction of a Relator's name in a *qui tam* action. Two of the cases, which were cited in the Government's response, denied the request. One case, cited in Relator's supplemental memorandum, granted the request under circumstances which the trial court found presented a particularized risk of harm to a third party. Dkt. No. 15 at 4-5 (discussing *Jane Doe*). The *Jane Doe* court found the specific circumstances sufficient to overcome the general rule that "a generalized fear of retaliation or mere reputational harm is insufficient to outweigh the presumption in favor of public access to court filings." Slip. Op. at 4.

Despite this limited authority, the Government indicates it is not opposed to redaction, which, it notes, would not substantially limit public access to the substance of the allegations. In light of this lack of opposition, and for the reasons addressed below, the court grants the request for redaction limited to redaction of Relator's name.

In the present case, Relator suggests a risk of harm to herself, and by extension her family, if her identity is disclosed. She suggests that this risk is particularly severe because she is her family's primary breadwinner. Her particular concerns include fear of retaliation by her own employer and stigmatization in the industry which might impair her ability to keep her current job, negotiate favorable terms for her departure, or find another position in the same industry.

With respect to her current employment, Relator suggests she has already experienced some retaliation, presumably for complaining internally about the concerns raised in this litigation. She states that her attorneys are in negotiations on her behalf to end her employment on favorable terms in light of this alleged retaliation. Given these circumstances, it is somewhat doubtful that redaction will prevent Relator's current employer from determining that she was involved in bringing this

action. Under these circumstances, the court does not believe that redaction of Relator's name (or even other identifying information) would protect her from retaliation by her employer.[4] She is, on the other hand, subject to protection under the FCA's anti-retaliation provisions, 31 U.S.C. § 3730(h). In any event, Relator's concerns regarding her current employment are similar to the concerns of any employee-relator and, consequently, do not strongly favor additional protections. *See, e.g., Littlewood,* 806 F. Supp. 2d at 842 (noting relator had, "[a]t best, . . . expressed hypothetical concerns about possible retaliation by her employer and damage to her career prospects[,]" which the court found insufficient to justify sealing); *Permison*, 492 F. Supp. 2d at 564 (finding relator's concerns that his former employer might retaliate against him "vague and hypothetical" and insufficient to support sealing or redaction).

In contrast, Relator's concerns relating to future employment are more likely to be minimized or eliminated by redaction of her name. This is because, absent redaction, an on-line search for her name by a potential employer may well reveal her involvement in this litigation. Given the realities of job searches, Relator may never know and is even less likely to be able to prove that a prospective employer's knowledge of this action was the reason she did not receive an interview or job offer. It is, therefore, less likely that the FCA's anti-retaliation provisions would provide protection and, consequently, more likely appropriate to provide additional protections.[5]

The court must, nonetheless, balance protection of Relator against the public's right of access. It is significant for these purposes that redaction, at least if limited to Relator's name, would not substantially limit the information available to the public. It is also significant that the ruling

---

[4] As explained below, redaction of other identifying information would be more extensive and more problematic.

[5] For present purposes, the court assumes without deciding that the FCA's anti-retaliation provisions apply to potential future employers.

6

would remain subject to future challenge by any person, given the public interest in open records.

Removal of Relator's name from the complaint will involve only minimal redactions. Removal of Relator's name from other filed documents, most critically documents relating to this motion to seal, will involve more substantial redactions given that Relator used her name, rather than identifying herself as "Relator" throughout those documents. This may, nonetheless, be accomplished without substantially altering public understanding of the content of the motion.

Redaction of other information from which Relator's identity might be determined, particularly by her employer, is more problematic. This is of particular concern with respect to the motion to seal given that (1) redaction of all information from which Relator's identity might be determined would remove much of the content of the motion to seal and (2) motions to seal (or redact) are, themselves, matters of public interest. *See generally* Local Civil Rule 5.03.

## CONCLUSION

For the reasons set forth above, the court denies Relator's request to seal but grants her alternative request for redaction to the extent she seeks redaction of her name from the docket and all prior filings. The court denies the request to redact other identifying information such as is contained in the motion to seal.

To implement this ruling, the court will retain the docket and all currently filed documents under seal for a period of thirty-five days from entry of this order. Before the end of that period, Relator shall file redacted versions of each document currently in the record, marking through her name in the caption and wherever it appears in the body of the document or attachments. **Plaintiff's counsel should coordinate with the undersigned's case manager (Charles Bruorton) regarding the best means of effecting this task.** Upon expiration of the thirty-five days and assuming Relator has complied with the court's instructions, the court will modify the docket by replacing all

references to relator's name with "[Relator]" in the same manner, seal the originally filed documents, and make public the redacted documents. Thus, the docket will ultimately have duplicate filings for all documents filed prior to this order, the original and a redacted version. As noted above, the court's ruling sealing the unredacted (original) documents remains subject to future challenge by any person.

This order will not be sealed or redacted as the court has not referred to the Relator by name. If any future filings are made, the parties should use the same conventions, using "Relator" or "[Relator]" where they would otherwise use Relator's name.

IT IS SO ORDERED.

                                         s/ Cameron McGowan Currie
                                         CAMERON MCGOWAN CURRIE
                                         UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 23, 2013